IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL ANTHONY SAMORA**,

    Plaintiffs,

v.                                                                                   **CIVIL NO. 07-0917 BB/DJS**

**JOHN DANTIS, ALLISON AND STG STAFF,**

    Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**[1]

    1. This matter is a civil rights action brought by a prisoners pursuant to 42 U.S.C. §1983. Plaintiff is *pro se* and proceeding *in forma pauperis*. Plaintiff is incarcerated in the Bernalillo County Metropolitan Detention Center (MDC). Plaintiff brings various claims against the Defendants in this action. He asserts that he has been placed in segregation because he has a history of filing grievances and civil suits, that he has been subject to overcrowding and sub-standard food, that the jail is understaffed, that Defendants have failed to comply with the stipulated settlement agreement entered into in a separate federal class action lawsuit, and that the canteen in the jail charges unfairly high prices.

    2. Defendants filed a Motion for Summary Judgment on all claims on September 10, 2008 (Docket No. 6). By that motion, Defendants assert that Plaintiff has failed to exhaust his

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

administrative remedies while incarcerated at MDC, that his requests for injunctive relief are moot under the Prison Litigation Reform Act, as he is no longer incarcerated at MDC, and that the order of dismissal in the previously mentioned class action specifically barred any individual claims for injunctive relief.

     3. Summary judgment is appropriate when there exists no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S. H. Kress & Co., 398 U. S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish the existence of a material, factual dispute. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U. S. 574, 585-87 (1986). To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, he is required to offer evidence in the form of affidavits or other admissible evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve. Fed. R. Civ. P. 56(e); Matsushita Elec., 475 U. S. at 596-87. In other words, a party opposing summary judgment "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." Jenkins v. Wood, 81 F.3d 988, 990 (10th Cir. 1996). Mere allegations, without more, are insufficient to avoid summary judgment. Lawmaster v. Ward, 125 F.3d 1341, 1349 (10th Cir. 1997).

     In determining whether summary judgment is appropriate, the Court will not weigh the evidence and determine the truth but rather determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255. However, if the evidence of the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted. Id. at 249-50.

4. Plaintiff failed to file a response to the instant motion for summary judgment. D.N.M.LR-Civ. 7.1(b) states that failure to respond to a motion within the time prescribed for doing so constitutes consent to grant the motion. Nonetheless, the Tenth Circuit Court of Appeals has held that trial courts may not rely upon such local rules to grant judgment for a party, but rather must examine the merits of an unopposed summary judgment motion. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). "The district court must make the additional determination that judgment for the moving party is appropriate under Rule 56." Id. "By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion." Id. With these standards in mind, the Court must examine Defendants' motion and assertions of material fact.

5. Defendants first argument is that Plaintiff has failed to exhaust his administrative remedies. As noted by Defendants, an inmate must exhaust administrative remedies in order to bring a claim for relief pursuant to §1983. 42 U.S.C. 1997(e)(a). Failure to exhaust is an affirmative defense upon which the Defendants bear the burden of proof. Jones v. Bock, 549 U.S. 199, 215-16 (2007).Defendants assert and provide exhibits showing that Plaintiff filed fourteen grievances between May 23, 2006 and November 16, 2007, the last two being filed after the initiation of this suit. Three grievances submitted by Plaintiff were rejected as to form, in that they contained multiple grievances on a single form. Several of Plaintiff's grievances were signed by him, indicating his withdrawal of the complaints. However, in no instance did Plaintiff file an appeal of any of the unresolved grievances, as indicated by the forms submitted by Plaintiff, none of which bore Plaintiff's signature or checkmark on the line requesting an appeal. By failing to appeal the handling of his grievances, Plaintiff failed to take full advantage of all administrative remedies offered by

MDC.

6. In order to exhaust remedies, inmates must properly complete the grievance process and correct deficiencies. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir.2002). Proper exhaustion requires compliance with all the steps of a prison's grievance procedure. See Woodford v. Ngo, 548 U.S. 81, 90 (2006). Defendants have met their burden of providing affirmative evidence that Plaintiff failed to exhaust his administrative remedies and Plaintiff has failed to demonstrate a genuine issue of material fact contrary to their assertion that he has not exhausted his remedies. Defendants are entitled to summary judgment on all counts of the complaint.

7. Regardless of exhaustion, Plaintiff's claims that he is entitled to injunctive relief or that Defendants should be held in contempt under the settlement agreement reached in McClendon, *et al.* V. City of Albuquerque, *et al.*, No. Civ. 95-0024 MV/ACT, in the District of New Mexico also fail. That class action involving MDC was dismissed in 1997, and as shown in the Order of Dismissal filed therein and provided by Defendants as Exhibit F to their Motion for Summary Judgment, barred class members from seeking declaratory or injunctive relief based upon any of the events dealt with in that case.

8. Defendants further contend that Plaintiff's claims for injunctive relief must be dismissed as moot, as he has been transferred to another facility under supervision of the New Mexico Department of Corrections to serve a life sentence. Defendants are correct that an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief related to conditions of confinement. See Green v. Branson, 108 F.3d 1296, 1299-1300 (10th Cir.1997) (holding that release from prison moots claims for declaratory and injunctive relief); Love v. Summit County, 776 F.2d 908, 910 n. 4, 912 (10th Cir.1985) (indicating that the general rule applies to a transfer between prisons). Plaintiff's claims seeking injunctive relief based upon overcrowding,

food quality, and staffing levels at MDC have all been rendered moot by his transfer from that facility and must therefore be dismissed.

**RECOMMENDED DISPOSITION**

That Defendants Motion for Summary Judgment (Docket No. 6) be granted; and that Plaintiff's claims for damages be dismissed for failure to exhaust his administrative remedies as required by the PLRA while his claims for injunctive and declaratory relief be denied as moot.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**